JAP:NDB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

NAQUAN PETERSON,

Defendant.

- - - - - - - - - - - - - - -X

**16 M 0029**

COMPLAINT IN SUPPORT
OF APPLICATION FOR
ARREST WARRANT

(18 U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

SELEGEAN ALLEN, being duly sworn, deposes and states that he is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

On or about December 31, 2015, within the Eastern District of New York, the defendant NAQUAN PETERSON, having been convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a .380 caliber AMT semiautomatic pistol, and ammunition.

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. I am a Detective with the NYPD and have been involved in the investigation of numerous cases involving firearms offenses. I am familiar with the facts and circumstances set forth below from my review of records from the NYPD and other government agencies and from my discussions with NYPD officers.

2. On or about December 31, 2015, at approximately 10:45 p.m., three NYPD officers, in uniform, were on patrol in an unmarked car in Brooklyn, New York. While driving westbound on Sutter Avenue, the officers observed the defendant, who had his hand on an object at his waistband under his hooded sweatshirt. At the time, the defendant was walking on the sidewalk and looking side to side and also behind him.

3. The officers observed the defendant cross the street midblock, pulled up next to the defendant, identified themselves as police and asked the defendant if everything was alright. At that point, the defendant turned towards the officers, pulled upwards at the object in his waistband, and the officers were able to see what appeared to be a gun. The defendant took off running and turned left onto Wyona Street headed south.

4. An NYPD officer exited the vehicle and pursued the defendant on foot. The officer observed the defendant try to remove the gun from his waistband. The NYPD officer who was driving the police vehicle blocked the defendant's path down Wyona Street, causing the defendant to turn back around towards the officer on foot pursuit. The defendant pulled the gun out of his waistband, at which point the officer on foot drew his weapon. The defendant dropped his gun and attempted to run. Officers secured the weapon – .380 caliber AMT semiautomatic pistol and ammunition – apprehended the defendant and placed him under

arrest. The defendant was arrested within a few feet of where he had dropped the gun in the street.

5. The defendant was then taken to the local NYPD precinct where he was read his <u>Miranda</u> rights, which he waived, and made a video-recorded confession stating in sum and substance and in part that he possessed the gun.

6. I have communicated with an ATF interstate nexus expert who informs me that all .380 caliber AMT semiautomatic pistols are manufactured outside the State of New York.

7. I reviewed the defendant's criminal history records and have determined that, on October 20, 1999, the defendant NAQUAN PETERSON was convicted of robbery third degree, an offense punishable by more than one year of imprisonment, in violation of New York Penal Code § 160.05.

WHEREFORE, your deponent respectfully requests that the defendant NAQUAN PETERSON, be dealt with according to law.

SELEGEAN ALLEN
Detective
New York City Police Department

Sworn to before me this
12th day of January, 2016


THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK